# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Case No. 2:17-CV-00873 (VEB)

DINA G. JOHNSON-STERLING,

    Plaintiff,

DECISION AND ORDER

vs.

NANCY BERRYHILL, Acting Commissioner of Social Security,

    Defendant.

## I. INTRODUCTION

In October of 2013, Plaintiff Dina G. Johnson-Sterling applied for Disability Insurance benefits and Supplemental Security Income benefits under the Social Security Act. The Commissioner of Social Security denied the applications.[1]

---

[1] On January 23, 2017, Nancy Berryhill took office as Acting Social Security Commissioner. The Clerk of the Court is directed to substitute Acting Commissioner Berryhill as the named defendant in this matter pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

Plaintiff, by and through her attorneys, the Law Offices of Lawrence D. Rohlfing, Monica Perales, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 13, 14, 23). On January 5, 2018, this case was referred to the undersigned pursuant to General Order 05-07. (Docket No. 22).

## II. BACKGROUND

Plaintiff applied for benefits on October 31, 2013, alleging disability beginning March 27, 2013. (T at 180-84, 185-90).[2] The applications were denied initially and on reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").

On April 22, 2015, a hearing was held before ALJ Jan Donsbach. (T at 49). Plaintiff appeared with her attorney and testified. (T at 63-70). The ALJ also received testimony from two medical experts, Dr. Lowell Sparks (T at 52-58) and Dr. David Petersen (T at 58-63) and from June Hagen, a vocational expert. (T at 70-73).

---

[2] Citations to ("T") refer to the administrative record transcript at Docket No. 18.

On June 17, 2015, the ALJ issued a written decision denying the applications for benefits. (T at 29-44). The ALJ's decision became the Commissioner's final decision on December 13, 2016, when the Appeals Council denied Plaintiff's request for review. (T at 1-6).

On February 2, 2017, Plaintiff, acting by and through her counsel, filed this action seeking judicial review of the Commissioner's denial of benefits. (Docket No. 1). The Commissioner interposed an Answer on July 12, 2017. (Docket No. 17). The parties filed a Joint Stipulation on October 27, 2017. (Docket No. 21).

After reviewing the pleadings, Joint Stipulation, and administrative record, this Court finds that the Commissioner's decision must be affirmed and this case be dismissed.

### III. DISCUSSION

A.  **Sequential Evaluation Process**

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if any impairments are of

such severity that he or she is not only unable to do previous work but cannot, considering his or her age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment(s) with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be

disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work which was performed in the past. If the claimant is able to perform previous work, he or she is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity (RFC) is considered. If the claimant cannot perform past relevant work, the fifth and final step in the process determines whether he or she is able to perform other work in the national economy in view of his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

B. **Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

"The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## C.  Commissioner's Decision

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since March 27, 2013, the alleged onset date, and met the insured status requirements of the Social Security Act through December 31, 2018 (the "date last insured"). (T at 34). The ALJ found that Plaintiff's Carpal Tunnel Syndrome, Cervical Radiculitis, and Tension Headaches were "severe" impairments under the Act. (Tr. 34).

DECISION AND ORDER – JOHNSON-STERLING v BERRYHILL 2:17-CV-00873-VEB

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 37).

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform the full range of light work, as defined in 20 CFR § 404.1567 (b) and 416.967 (b). The ALJ concluded that Plaintiff could perform her past relevant work as a recreation leader, counter attendant, and office machine server. (T at 39).

Accordingly, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act between March 27, 2013 (the alleged onset date) and June 17, 2015 (the date of the decision) and was therefore not entitled to benefits. (T at 40). As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (T at 1-6).

**D. Disputed Issues**

As set forth in the Joint Stipulation (Docket No. 21), Plaintiff offers a single argument in support of her claim that the Commissioner's decision should be reversed; Plaintiff challenges the ALJ's credibility determination.

## IV. ANALYSIS

A claimant's subjective complaints concerning his or her limitations are an important part of a disability claim. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's findings with regard to the claimant's credibility must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

However, subjective symptomatology by itself cannot be the basis for a finding of disability. A claimant must present medical evidence or findings that the existence of an underlying condition could reasonably be expected to produce the symptomatology alleged. See 42 U.S.C. §§423(d)(5)(A), 1382c (a)(3)(A); 20 C.F.R. § 404.1529(b), 416.929; SSR 96-7p.

In this case, Plaintiff testified as follows: As of the administrative hearing, she was working 22 to 30 hours per week, although her position is a full-time, 40 hour per week job. (T at 63-64). She has frequent headaches and experiences

paranoia at work. (T at 65-66). Chest and arm pain have also caused her to miss work. (T at 66). She wrote a book in 1992-1993 and submitted it for publication in 2014. (T at 66).

Depression prevents Plaintiff from getting out of bed three to four times per week. (T at 67). She has visions, sometimes lasting only seconds, other times lasting as long as 10 minutes. (T at 68). She occasionally experiences suicidal ideation and paranoid thoughts. (T at 68). Headaches occur at least 3 to 4 times per week, requiring Plaintiff to lay down several times during the day. (T at 69). She stays in bed "some days" due to headache pain. (T at 69).

The ALJ concluded that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that her statements regarding the intensity, persistence, and limiting effects of the symptoms were not fully credible. (T at 38). Plaintiff argues that her symptoms, primarily her headaches, are disabling and that the ALJ erred in discounting her credibility regarding those symptoms.

For the reasons that follow, this Court finds the ALJ's decision consistent with applicable law and supported by substantial evidence. First, the ALJ's decision was supported by the medical evidence. Dr. Maged Botros, a psychiatrist, performed a consultative psychiatric evaluation in February of 2014. Dr. Botros diagnosed

depression NOS[3]; rule out major depressive disorder (recurrent, mild); rule out depression NOS; anxiety disorder NOS; occupational problems; and alcohol, cannabis, and nicotine abuse. (T at 990-91). He assigned a Global Assessment of Functioning ("GAF") score[4] of 61-70 (T at 991). "A GAF of 61-70 indicates '[s]ome mild symptoms (e.g., depressed mood and mild insomnia) or some difficulty in social, occupational, or school functioning (e.g., occasional truancy, or theft within the household), but generally functioning pretty well, has some meaningful interpersonal relationships.'" *Tagger v. Astrue*, 536 F. Supp. 2d 1170, 1174 n.8 (C.D. Cal. 2008).

Dr. Botros opined that Plaintiff would have no restriction with regard to daily activities and mild limitations with respect to interpersonal relationships and basic work activities. (T at 991-92). The ALJ afforded significant weight to Dr. Botros's opinion, which was based on his examination of Plaintiff. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (holding that examining physician's "opinion alone constitutes substantial evidence, because it rests on his own independent examination of [claimant]").

---

[3] "NOS" is generally used to note the presence of an illness where the symptoms presented were sufficient to make a general diagnosis, but where a specific diagnosis was not made.

[4] "A GAF score is a rough estimate of an individual's psychological, social, and occupational functioning used to reflect the individual's need for treatment." *Vargas v. Lambert*, 159 F.3d 1161, 1164 n.2 (9th Cir. 1998).

Dr. David Petersen, a psychological expert, reviewed the record and testified at the administrative hearing. He accepted Dr. Botros's assessment that Plaintiff's work limitations were mild. (T at 58). Dr. Petersen suggested that Plaintiff's issues in her present employment might stem from her history of difficulties in that particular position and her symptoms might therefore be ameliorated if she changed jobs. (T at 59). Dr. Petersen also found that Plaintiff's activities, including continued employment, a vacation to Jamaica, and discussions regarding termination of therapy, were indicative of mild psychological limitations. (T at 62). Plaintiff's counsel had the opportunity to cross-examine Dr. Petersen. (T at 62-63). The ALJ gave significant weight to Dr. Petersen's testimony (T at 39), which was based on his expertise and review of the record, and which was subject to cross-examination by claimant's counsel. *See Andrews v. Shalala*, 53 F.3d 1035, 1042 (9th Cir. 1995)(noting that "an ALJ may give greater weight to the opinion of a non-examining expert who testifies at a hearing subject to cross-examination")(citing *Torres v. Secretary of H.H.S.*, 870 F.2d 742, 744 (1st Cir. 1989)).

Dr. F.L. Williams, a non-examining State Agency review consultation, opined in March of 2014, that Plaintiff's psychological issues were "non severe." (T at 81). *See* 20 CFR § 404.1527 (f)(2)(i)("State agency medical and psychological consultants and other program physicians, psychologists, and other medical

specialists are highly qualified physicians, psychologists, and other medical specialists who are also experts in Social Security disability evaluation.").

Although lack of supporting medical evidence cannot form the sole basis for discounting pain testimony, it is a factor the ALJ may consider when analyzing credibility. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). In other words, an ALJ may properly discount subjective complaints where, as here, they are contradicted by medical records. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008); *Thomas v. Barnhart,* 278 F.3d 947, 958-59 (9th Cir. 2002).

The ALJ also noted that Plaintiff received conservative treatment for her ailments, including her headaches, which were generally treated with ibuprofen. (T at 38, 1025). In addition, the ALJ concluded that the contemporaneous treatment notes, while documenting some complaints of symptoms, were not consistent with the intensity and frequency alleged by Plaintiff. (T at 38). "Evidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding the severity of an impairment." *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007).

The ALJ likewise concluded that Plaintiff's activities of daily living, which included continued employment (albeit part-time), vacation travel, and gardening, were inconsistent with the intensity and frequency of alleged symptoms. (T at 38-

39). When assessing a claimant's credibility, the ALJ may employ "ordinary techniques of credibility evaluation." *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 n.3 (9th Cir. 2010)(quoting *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996)). Activities of daily living are a relevant consideration in assessing a claimant's credibility. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Although the claimant does not need to "vegetate in a dark room" to be considered disabled, *Cooper v. Brown*, 815 F.2d 557, 561 (9th Cir. 1987), the ALJ may discount a claimant's testimony to the extent his or her activities of daily living "contradict claims of a totally debilitating impairment." *Molina v. Astrue*, 674 F.3d 1104, 1112-13 (9th Cir. 2011).

There is certainly evidence in the record to indicate that Plaintiff's impairments, particularly her tension headaches, cause pain. However, the fact that a claimant suffers from pain, even significant pain, is not sufficient to justify an award of benefits. Rather, the pain must be so severe as to preclude gainful employment. *See Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)("[M]any medical conditions produce pain not severe enough to preclude gainful employment. The Disability Insurance and Supplemental Security Income programs are intended to provide benefits to people who are unable to work; awarding benefits in cases of non-disabling pain would expand the class of recipients far beyond that

contemplated by the statute."); *Curbow v. Colvin*, No. CV-14-8222, 2016 U.S. Dist. LEXIS 12147, *16 (D. Ariz. Feb. 1, 2016)("[D]isability requires more than mere inability to work without pain.").

Plaintiff argues that the ALJ should have weighed the evidence differently and resolved the conflict in favor of her subjective complaints. However, it is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *Richardson*, 402 U.S. at 400. If the evidence supports more than one rational interpretation, this Court may not substitute its judgment for that of the Commissioner. *Allen v. Heckler*, 749 F.2d 577, 579 (9th 1984). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the Commissioner's finding is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Here, the ALJ's decision was supported by substantial evidence and must therefore be sustained. *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)(holding that if evidence reasonably supports the Commissioner's decision, the reviewing court must uphold the decision and may not substitute its own judgment).

# V. CONCLUSION

After carefully reviewing the administrative record, this Court finds substantial evidence supports the Commissioner's decision, including the objective medical evidence and supported medical opinions. It is clear that the ALJ thoroughly examined the record, afforded appropriate weight to the medical evidence, including the assessments of the treating and examining medical providers and medical experts, and afforded the subjective claims of symptoms and limitations an appropriate weight when rendering a decision that Plaintiff is not disabled. This Court finds no reversible error and because substantial evidence supports the Commissioner's decision, the Commissioner is GRANTED summary judgment and that Plaintiff's motion for judgment summary judgment is DENIED.

# VI. ORDERS

IT IS THEREFORE ORDERED that:

Judgment be entered AFFIRMING the Commissioner's decision and DISMISSING this action, and it is further ORDERED that

The Clerk of the Court file this Decision and Order, serve copies upon counsel for the parties, and CLOSE this case.

DATED this 30th of April 2018,

/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE